# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT
# NEW HAVEN DIVISION

### CASE NO.: 3:26-cv-00341

MARCO VERCH,

        Plaintiff,

v.

VALLEY FLOOR COVERING, LLC,

        Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff MARCO VERCH by and through his undersigned counsel, brings this Complaint against Defendant VALLEY FLOOR COVERING, LLC for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff MARCO VERCH ("Verch") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Verch's original copyrighted Work of authorship after removal of his copyright management information ("CMI").

2. Marco Verch is a photographer from Cologne, Germany. He has been working as a photographer for many years and enjoys taking pictures of scenery from his travels, sporting events, food, flowers, cars, drones and more. He also takes photos for advertisements and fundraising campaigns.

3. Defendant VALLEY FLOOR COVERING, LLC ("Valley Floor") is a family-owned flooring store serving Naugatuck, Connecticut, and surrounding communities

since 1971. Known for its extensive selection of high-quality flooring—including hardwood, carpet, luxury vinyl, laminate, tile, and countertops—the company combines decades of expertise with a customer-first approach. Their full-time sales staff guide homeowners through product selection, provide on-site measurements with written estimates, and ensure every project is completed by skilled, experienced installers. With a reputation built on personalized service, honest pricing, and expert craftsmanship, Valley Floor Covering helps customers bring style, durability, and comfort into their homes. At all times relevant herein, Valley Floor owned and operated the internet website located at the URL https://www.valleyfloorcoveringct.com/ (the "Website").

4. Verch alleges that Valley Floor copied Verch's copyrighted Work from the internet in order to advertise, market and promote its business activities. Valley Floor committed the violations alleged in connection with its business for purposes of advertising and promoting sales to the public in the course and scope of the Valley Floor's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Valley Floor is subject to personal jurisdiction in Connecticut.

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Valley Floor engaged in infringement in this district, Valley Floor resides in this district, and Valley Floor is subject to personal jurisdiction in this district.

**DEFENDANT**

9.      Valley Floor Covering, LLC is a Connecticut Limited Liability Company, with its principal place of business at 562 Rubber Avenue, Naugatuck, Connecticut, 06770, and can be served by serving its Registered Agent, Pedro Dasilva, at the same address.

**THE COPYRIGHTED WORK AT ISSUE**

10.     In 2020, Liliya Krivorychko created the photograph entitled "The-master-uses-a-tape-measure-to-measure-the-dimensions-on-the-tile," which is shown below and referred to herein as the "Work."



11.     Verch is the owner of the Work by assignment.

12. Verch registered the Work with the Register of Copyrights on September 24, 2020, as part of a group registration. The Group Registration was assigned registration number VA 2-219-986. The Certificate of Registration is attached hereto as **Exhibit 1**.

13. Verch makes his work available via ccnull.de and a Creative Commons 2.0 License.

14. Verch published the Work on or about July 2, 2020, by displaying it on ccnull.de at the internet URL https://ccnull.de/foto/the-master-uses-a-tape-measure-to-measure-the-dimensions-on-the-tile/1035430.

15. For a party to be allowed to use a Creative Commons 2.0 License ("CC 2.0"), it is conditioned upon the prospective licensee of the Work attributing the Work to the original owner/claimant of the Work.

16. In part, the CC 2.0 license states, "You must give appropriate credit, provide a link to the license and indicate if changes were made."[1]

17. Verch's display of the Work on ccnull.de also included CMI next to the Work in the form of Verch's name, the year when the Work was first created, and the link to the licensing terms.

18. Verch's Work is protected by copyright butis not otherwise proprietary, or trade secrets. The perspective, orientation, positioning, lighting, and other details of the Work are entirely original and creative. As such, the Work qualifies as subject matter protectable under the Copyright Act.

19. At all relevant times Verch was the owner of the copyrighted Work.

---

[1] https://creativecommons.org/licenses/by/2.0/

**INFRINGEMENT BY VALLEY FLOOR**

20. Valley Floor has never been licensed to use the Work for any purpose.

21. On a date after the Work at issue in this action was created, but prior to the filing of this action, Valley Floor copied the Work.

22. On or about May 21, 2024, Verch discovered the unauthorized use of his Work on the Website in an article entitled "Can You Put Luxury Vinyl Planks Over Ceramic Tile."

23. Valley Floor copied Verch's copyrighted Work without Verch's permission.

24. After Valley Floor copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its floor covering business.

25. Valley Floor copied and distributed Verch's copyrighted Work in connection with its business for purposes of advertising and promoting Valley Floor's business, and in the course and scope of advertising and selling products and services.

26. Valley Floor committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

27. Verch never gave Valley Floor permission or authority to copy, distribute or display the Work for any purpose.

28. Verch notified Valley Floor of the allegations set forth herein on September 23, 2025, and November 18, 2025. To date, Valley Floor failed to respond to any communications.

29. When Valley Floor copied and displayed the Work, Valley Floor failed to provide attribution as required by the CC 2.0 license.

30. Valley Floor's failure to attribute is a violation of 17 U.S.C. § 1202(b) as removal of CMI.

31. Verch never gave Valley Floor permission or authority to remove CMI from the Work.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

32. Verch incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Verch owns a valid copyright in the Work.

34. Verch registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

35. Valley Floor copied, displayed, and distributed the Work and made derivatives of the Work without Verch's authorization in violation of 17 U.S.C. § 501.

36. Valley Floor performed the acts alleged in the course and scope of its business activities.

37. Valley Floor's acts were willful.

38. Verch has been damaged.

39. The harm caused to Verch has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT

40. Verch incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

41. Upon information and belief, a third party committed copyright infringement when they copied, displayed, and made derivatives of the Work.

42. Valley Floor has a direct financial interest in the infringing material because it derives profits from the Website displaying the infringed Work.

43. Despite having the ability to stop the infringed Work from being displayed on its Website, Valley Floor allowed the materials to remain up for display.

44. To the extent that the actions described above were performed by the third-party alone, Valley Floor is vicariously liable for the unauthorized copying, display, distribution, and creation of derivative works of the Work without Verch's authorization in violation of 17 U.S.C. § 501.

45. Verch has been damaged.

46. The harm caused to Verch has been irreparable.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

47. Verch incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

48. The Work at issue in this case requires attribution and contains CMI.

49. Valley Floor knowingly and with the intent to enable or facilitate copyright infringement, displayed the Work on Valley Floor's Website, without any of the attributions in violation of 17 U.S.C. § 1202(b).

50. Valley Floor distributed the Work to the Website knowing that the CMI has been removed or altered without the authority of the copyright owner or the law.

51. Valley Floor committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Verch's rights in the Work.

52. Valley Floor caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Verch's rights in the Work.

53. Verch has been damaged.

54. The harm caused to Verch has been irreparable.

WHEREFORE, the Plaintiff MARCO VERCH prays for judgment against the Defendant VALLEY FLOOR COVERING, LLC that:

a. Valley Floor and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1202;

b. Valley Floor be required to pay Verch his actual damages and Defendant's profits attributable to the infringement, or, at Verch's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c. Verch be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Verch be awarded pre- and post-judgment interest; and

e. Verch be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Verch hereby demands a trial by jury of all issues so triable.

Dated: March 6, 2026                    Respectfully submitted,

/s/ Joseph A. Dunne
JOSEPH A. DUNNE
Bar Number: ct30816
joseph.dunne@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue, 25th Floor
New York, New York 10010
929.200.8446 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Marco Verch*